PROFESSIONAL HOME HEALTH & HOSPICE, INC., et al., Plaintiffs–Appellees,

v.

JACKSON–MADISON COUNTY GENERAL HOSPITAL DISTRICT, et al., Defendants/Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

March 8, 1988.

Certiorari Denied by Supreme Court May 23, 1988.

Rehearing Denied by Supreme Court June 27, 1988.

Paul F. Rice, Jackson, for Jackson–Madison Co. General Hosp. Dist., et al.

Sidney W. Spragins, Jackson, for Professional Home Health & Hospice, et al.

FARMER, Judge.

Jackson–Madison County General Hospital District (Hospital) is a joint non-profit district created by the Tennessee Legislature under Private Acts, Chapter 686 (1949) (Act) "for and in behalf of the City of Jackson, Tennessee and Madison County, Tennessee." This Act sets forth the geographic boundaries of the district and provides for a Board of Trustees (Board) to be elected who are to operate and control the Hospital.

In July 1985 the Board authorized the purchase of Haven Home Health Services, Inc. (Haven), an agency licensed to provide home health care in every West Tennessee county except Shelby, Fayette and Tipton. Thereafter the Board obtained a license "to conduct and maintain a Home Health Agency" in the location of what was formerly Haven. These offices are located outside the geographic parameters established by the Act.

The Hospital's home health agency operates in direct competition with the appellees, Professional Home Health and Hospice, Inc. and Home Health Care, Inc., corporations for profit licensed to do business as home health agencies. Therefore, on July 30, 1985 the appellees filed a complaint in chancery court seeking declaratory and injunctive relief from the Hospital operating such an enterprise. The basis of the complaint was that the Hospital was acting in excess of any express or implied

power granted to it by the Act. Further, the appellees assert that they will continue to suffer irreparable harm if the Hospital is allowed to operate a home health agency, since it is in a position to capture a substantial percentage of the home health care patients.

The Chancellor found that the Act does not give the Hospital the express power to operate a home health agency, and since this endeavor is not essential to the object and purpose of the Hospital, such power cannot be implied. The administrative offices of the Hospital's home health agency, as well as the care it renders, are outside the geographic boundaries established by the Act. Since the Hospital is limited to providing services within certain territorial limits, its action in entering the home health care area was in violation of the Act.

The Chancellor further found that, based on a comparison of the number and quality of the referrals of patients discharged from the Hospital before and after it opened its home health agency, the appellees demonstrated that they had suffered and will continue to suffer irreparable harm. He therefore enjoined the Hospital from providing home health care.

The Hospital has appealed from this judgment and has raised four issues: (1) Did the trial court err in concluding that the Hospital is limited by the geographic parameters of the Act; (2) Did the trial court err in determining the Board did not have the authority to operate a home health agency; (3) Is the operation of a home health agency a proprietary function that is prohibited; and (4) Did the trial court err in finding that the appellees have suffered and will continue to suffer irreparable harm if Hospital is not enjoined? The scope of our review of the Chancellor's findings of fact is *de novo* on the record, accompanied by a presumption of correctness unless the evidence otherwise preponderates. T.R.A.P. 13(d).

The Hospital first contends that its activities are not limited to the geographic boundaries set forth in the Act because Section 8 of the Act provides a broad grant of power to the Board. That section provides:

> *Be it further enacted,* That the Board of Trustees shall be vested with full, absolute and complete authority and responsibility for the operation, management, conduct and control of the business and affairs of the Hospital District herein created; such operation, management, conduct and control, however, shall not be inconsistent with existing contractual obligations of said City and County. Said authority and responsibility shall include, but shall not be limited to, the establishment, promulgation and enforcement of the rules, regulations, and policies of the District, the upkeep and maintenance of all property, the administration of all financial affairs of the District, the execution of all contracts, agreements and other instruments, and the employment, compensation, discharge and supervision of all personnel.

The Hospital argues that if the Board determines that it is in the best interest of the Hospital to enter the home health care field, this section gives it the authority to do so.

Additionally, the Hospital asserts that it was issued a license pursuant to a general law of Tennessee, T.C.A. § 68–11–206, to operate a home health agency. That statute provides:

> Application for license—Form and contents—Procedure—Term of license—Renewal. —Any person, partnership, association, corporation, or any state, county or local governmental unit, or any division, department, board or agency thereof, in order to lawfully establish, conduct, operate or maintain a hospital, recuperation center, nursing home, home for the aged, home health agency, or ambulatory surgical treatment center in this state, shall obtain a license therefor from the department, upon the approval and recommendation of the board in the following manner:
>
> (1) The applicant shall submit an application on a form to be prepared by the department with the approval of the board, showing that the applicant is of reputable and responsible character and

able to comply with the minimum standards for a hospital, recuperation center, nursing home, home for the aged, home health agency, or ambulatory surgical treatment center and with rules and regulations lawfully promulgated under this part.

. . . .

(2) The board may recommend and approve the issuance of a license upon the application without further evidence; or, in its discretion, it may have a hearing on the application and conduct its own investigation, to determine whether or not a license ought to be granted. . . .

Since the State issued it a license to operate a home health agency, the Hospital argues that the Act only requires its Board to manage this agency in the same manner as it does the balance of the Hospital business. In effect, the Hospital maintains that the Act merely created "a management tool to oversee the day to day affairs of the Hospital District" and the general law, which sets forth the licensing procedure, confers the authority.

The appellees respond that the Hospital cannot exercise extraterritorial powers without specific legislative authority. If the Legislature did not intend for the Hospital to operate within a certain territory, it would not have set forth the area so specifically in the 1949 Act and again in the 1983 Amendment to the Act. They further state that T.C.A. § 68–11–206 is a procedural statute only and does not confer a grant of power on the licensee.

It is not unusual for the Legislature to provide for the establishment of a district and to give it limited powers in order to carry out a particular public purpose. Such a district is known as a quasi-municipal corporation. 56 Am.Jur.2d *Municipal Corporations* § 13. Although a quasi-municipal corporation is not in a strict sense a "municipal corporation," that term is often used in a generic sense to encompass a quasi-municipal corporation that was organized for an essential public purpose. 62 C.J.S., *Municipal Corporations* § 5.

■ The Hospital in this case was created as such a district for the benefit of the City of Jackson and Madison County, Tennessee. Its span was confined by the terms of the Act in Section 2 which states:

*Be it further enacted,* That said Hospital District shall comprise and consist of the following described tract or parcel of land, together with all buildings and other improvements thereon and appurtenances thereunto belonging, located in the Fifth Civil District of Madison County, Tennessee. . . .

The general rule is that a "municipal corporation" has no extraterritorial powers. 62 C.J.S., *Municipal Corporations* § 141. That is, absent a specific legislative grant, the Hospital is limited by the geographic boundaries of the Act which created it.

■ T.C.A. § 68–11–206, the licensing statute upon which the Hospital relies for its grant of authority to operate a home health agency, is procedural only. It merely states that before anyone may operate a home health agency, a license must be obtained. This statute was not enacted to expand the substantive rights and powers of a quasi-municipal corporation that was created by very specific legislation.

The Hospital next asserts that the trial court erred in concluding that it did not have express or implied power to operate a home health agency. The Hospital, as a quasi-municipal corporation, may only exercise the powers expressly granted to it by the Act or those that arise by necessary implication in order that it may carry out the purpose for which it was created. *City of Chattanooga v. Tennessee Electric Power Co.,* 172 Tenn. 524, 112 S.W.2d 385, 388 (1938).

The Hospital argues that the Act permits its Board to do whatever is "necessary and proper" in carrying on the business of a hospital. Since the Board decided that the Hospital should expand into the home health care area, that decision itself is prima facie evidence that it was necessary and proper.

Jim Moss, president of the Hospital, testified that the operation of such an agency makes the Hospital more attractive to the

patients it serves, as well as being a drawing card for professionals who would work there. He stated that such a service was vital to the cost efficiency of the Hospital. The Hospital further insists that this decision "is not reviewable unless arbitrarily, fraudulently or corruptly reached."

The Board was endowed with wide discretion by the Act for the purpose of operating and maintaining the Hospital. However, it was not given absolute power to expand the reach and purpose of the Hospital beyond that intended by the Legislature. As a result, any decision reached by the Board that is inconsistent with the Act is void, not merely subject to review if arbitrary, fraudulent or corrupt.

There may be sound economic reasons for the Hospital to want to expand into the home health care business. However, the question before this Court is whether *this* Hospital has the authority to do so. There is no express grant of authority in the Act that would allow the Board to operate this agency. Further, we concur with the Chancellor's finding that such an operation "is not reasonably necessary or required" for carrying out the purpose of the Act which established this Hospital District. Therefore, the authority cannot be implied. *City of Chattanooga* 112 S.W.2d at 388. If the powers of the Hospital are to be expanded, it is within the province of the Legislature to do so rather than the courts.

The third issue raised by the Hospital is that the trial court erred in finding that the operation of a home health agency by the Hospital is a proprietary function and is therefore prohibited. The determination of whether the operation is proprietary or governmental in character is not necessary to the disposition of this case. As stated above, the Hospital is prohibited by the terms and purpose of the Act that created it from engaging in this business. Whether the Hospital maintained this agency for the public good or whether it was motivated by purely economic concerns does not change this conclusion.

Finally the Hospital argues that the appellees did not show that they will suffer irreparable harm if the Hospital is not enjoined. It asserts that there are enough patients for everyone.

However, the Chancellor found that since July 1985, when the Hospital entered the home health care business, the number of patients discharged from the Hospital who entered the Hospital's agency (formerly Haven) increased, while the number of referrals to the appellees declined substantially. Of the patients who were referred to the appellees, there was an increase in their inability to pay and a decrease in the amount of time this service was required.

Using its own home health agency may have seemed a natural extension of a patient's care; however, this action has caused the appellees irreparable harm. Since there is no adequate remedy at law, an injunction is the proper form of relief.

We affirm the judgment of the trial court. Costs of this appeal are taxed to the appellants for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.